ANTHONY, Plaintiff in Error, v. RAY & SOMERVILLE, Defendants in Error.

1. S. & R. were partners. A. was security for S. for $804; R. was also security for S. for $695. S., to secure A. and R. against these liabilities, executed to A. and R. a mortgage of his interest in the partnership effects, consisting of lands, goods, accounts, &c., with authority in A. or R. or either of them to take possession, and, in the event of default of payment of the secured debts by S., to apply the property or its proceeds to their payment. R. at the same time gave to A. a separate obligation in writing by which he stipulated that the debt for which A. was bound should be first paid out of the mortgaged property, and also gave him verbal assurances that the property was amply sufficient for this purpose. R. took sole possession of the mort-

gaged property, but paid no portion of the debt for which A. was security; he did pay off a portion of the debt for which he, R., was security, and refuses to render any account of the partnership. S. is insolvent. *Held*, in a suit instituted by A. against R. and S. for the purpose of obtaining a due appropriation and management of the mortgaged property, that S. was properly joined as a party defendant to such suit; that it was not necessary, in order to enable A. to maintain such suit, that he should first pay off the debt for which he was security; it was sufficient if there was reason to apprehend a misappropriation of the mortgaged property or its conversion to uses other than those provided for in the mortgaged deed; that it constituted no legal impediment in the way of the maintenance of such a suit by A. that he had acquiesced in the exclusive possession and management of the property by R.; that R. having taken possession of the property and entered upon the discharge of the trust imposed upon him by the mortgage and his agreement with A., neither he nor S. could set up that the mortgage was void for uncertainty in the description of the property.

*Error to Buchanan Court of Common Pleas.*

*Gardenhire*, for plaintiff in error.

I. Ray also being a mortgagee of this property and having taken it into his possession immediately after the mortgage was given, and not as the mortgage authorized him when the notes became due, was properly made a party defendant in this suit. It seems that ample time had elapsed for him to have paid these debts, had he been disposed to do so. On the contrary, he does not appear to have attempted any thing of the kind, but was treating the property as his own. Somerville was also properly made a party defendant, because he was a party in interest, and was entitled to the surplus, if any remained, of the proceeds of the property after the payment of the debts for which the mortgage was given. The condition of the mortgage deed was such that Anthony had the right to take possession of the mortgaged property immediately in default of payment of the note of which Anthony was security by Somerville; and having the right to the possession of the property, he had a right to maintain an action against any person who prevented him from taking possession. The rule of law is clear that a security is not ordinarily entitled to a judgment against his principal until he has paid the debt for which he is security, but the condition of

the mortgage deed, giving Anthony the right to the immediate possession of the property on the failure of Somerville to pay the note, exempts Anthony from the operation of this rule. The mortgage is sufficient to convey to Anthony and Ray whatever interest Somerville had in the mortgaged property, and even if the mortgage was insufficient as to creditors and others who were not parties to it, yet it would still be sufficient and binding on Somerville, Anthony and Ray, who were all parties to it.

*Loan,* for defendants in error.

The demurrer was properly sustained. There was a misjoinder of parties defendants. If this was a proceeding to foreclose the mortgage, Ray should have been made a co-plaintiff or the excuse alleged why he was not joined as such. If it was intended to call Ray to an account for an improper disposition of the mortgaged effects, then Somerville is improperly joined as a co-defendant; or if it seeks to render Ray liable on his contract, as certain allegations in the petition indicate, it is equally clear that Somerville was improperly joined as a co-defendant with Ray. By the allegations in the petition it is shown that the paper purporting to be a mortgage is void for uncertainty. The petition alleges that Somerville, by the mortgage, conveyed all the real estate to which he might be entitled that was held in the name of Ray and Somerville, and the interest of Somerville in the partnership effects of Ray and Somerville which were remaining after the partnership debts then contracted had been paid. No specific property is described, and the petition fails to allege that any such property existed after the partnership debts had been paid. Whilst it may be conceded that the mortgage, by the description therein, might be sufficient to transfer Somerville's interest, yet in a petition seeking relief and founded upon rights derived under the mortgage, it is essential to aver what those rights are which the grantees took and are entitled to under the mortgage, and wherein the plaintiff has been injured by their detention. The peti-

tion fails to state that the plaintiff has paid the note or any part thereof for which he was Somerville's security, or that he has sustained any loss or injury by reason of his surety-ship. If the plaintiff has not been injured he has no right to relief and ought not to complain.

NAPTON, Judge, delivered the opinion of the court.

The facts of this case, as assumed in the petition, are these : Somerville and Ray were partners. Anthony, the plaintiff, was security for Somerville for about $804, and Ray was also his security for about $695. Somerville, to secure these liabilities, executed to Anthony and Ray a mortgage of his interest in the partnership effects, consisting of lands, moneys, goods, accounts, &c., with authority in Anthony and Ray, or either of them, to take possession, and, in the event of Somerville's not paying off these debts for which the mortgagees were bound as securities, to apply the property or its proceeds to their payment. At the same time Ray gave to the plaintiff a separate obligation in writing, agreeing that the debt for which plaintiff was bound should be first paid out of the mortgaged property, and Anthony the plaintiff received also the verbal assurances of Ray that this property was amply sufficient for this purpose. Ray took sole possession of this property. The note for which plaintiff became security has been long since due, and Ray has paid no part of it, but has, it is charged, paid off a portion of the $695 note with it, and refuses to give any account of the partnership. Somerville is insolvent. The prayer is for discovery of the condition of the partnership, the amount of the mortgaged property, what has become of it, and an appropriation, or security for its due appropriation, to the payment of the $804 debt. To this petition there was a demurrer and the demurrer was sustained.

The principal objections to this petition are, that Somerville is an improper party ; that there is no allegation that plaintiff has himself paid off the $804 note ; that the mort-

gage was void for uncertainty ; and that the bill is a *fishing bill*, not sufficiently pointing out any substantial grounds of complaint, or showing very clearly what distinct relief is desired.

In relation to the alleged invalidity of the mortgage, it is sufficient to say that the defendants are not entitled to any such defence. One of them, Somerville, is the mortgagor, and the other is the mortgagee, and took possession of the property and undertook to discharge the trust. It certainly is not competent for Ray to allege the invalidity of an instrument of which he has already availed himself, and under which he has acted, so far, apparently without objection. The creditors of Somerville do not appear to object, and it is not for the mortgagee or trustee and the mortgagor to make such an objection. Whether the description of the property is sufficient or insufficient is, therefore, a matter of no importance in this case.

We are not of opinion that it was necessary for the plaintiff to pay off the $804 debt before he could have the relief sought for in this petition. This is not a suit by a security to obtain a general judgment against his principal, in which he must of course first show that he has satisfied the debt. But the proceeding is to prevent anticipated mischief, some future injury to his rights. It is in the nature of a bill *quia timet*, of which Judge Story says : " The object of the bill in all such cases is to secure the preservation of the property to its appropriate uses and ends, and, wherever there is danger of its being converted to other purposes, diminished or lost by gross negligence, the interference of the court becomes indispensable. It will accordingly take the fund into its own hands, or secure its due management and appropriation, either by the agency of its own officers or otherwise. Thus, for instance, if property in the hands of a trustee for certain specific uses or trusts, either express or implied, is in danger of being diverted or squandered to the injury of any claimant having a present or *future fixed title* thereto, the administration will be duly secured by the court, accord-

ing to the original purposes, in such a manner as the court may, in its discretion, deem best fitted to the end—as by the appointment of a receiver, by payment of the fund (if pecuniary) into court, or by requiring security for its due preservation and appropriation." (Story on Eq. § 827.) In this case, Somerville, the principal debtor, is insolvent, the debt has been due for some time, the mortgaged property has not been applied to its extinguishment, but on the contrary has been used to pay off another debt not properly chargeable to this fund until an entire satisfaction of plaintiff's demand; and this is the only fund to which the plaintiff can look for relief. He has a right to see that it is duly administered by the trustee to whose charge it has been confided. He was a joint trustee himself with Ray, but he has thought proper to acquiesce in the exclusive possession and management of Ray; but by this course he has not lost his right to call upon Ray for an account of this trust. Whether the court would, under the circumstances, appoint a receiver or not, can not be now foreseen. That is very much a matter of discretion with the court, and of course must depend on the facts which transpire at the hearing of the case.

Somerville was properly made a party, for two reasons: first, he may ultimately be entitled to any surplus of the mortgaged property, and, secondly, he has at all events a right, as the principal debtor, to see that his burdens are not improperly increased.

Upon the whole, we do not see any substantial objections to this petition, and think the defendants should have been made to answer. Judgment reversed and remanded; Judge Richardson concurring.